Johnny Lee NELSON *v.* STATE of Arkansas

CR 81-30                                    622 S.W. 2d 188

Supreme Court of Arkansas
Opinion delivered October 19, 1981

*Ray Baxter,* for appellant.

*Steve Clark,* Atty. Gen., by: *Arnold M. Jochums,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. The only issue in this case is the trial court's decision that the State could use a witness when it failed to comply with a pretrial discovery request under Rules of Crim. Proc., Rule 17.1. The court was wrong and the judgment is reversed and the cause remanded for a new trial.

The defense filed a routine pretrial discovery request and the parties concede that the State failed to furnish the defense with the name of Sharon West as a State's witness. No doubt the State's action was inadvertent but the defense moved that she be prevented from testifying. The defense attorney said he was surprised and totally unprepared for her testimony, a statement that was not refuted. Without inquiry as to actual surprise or prejudice, the trial court ruled that the witness could testify *because* a subpoena had been issued eleven days before trial. No inquiry was made as to whether the defense actually knew that the subpoena had been issued.

Sharon West did testify and her testimony directly implicated the defendant in the crime.

In a line of cases we have consistently, without exception, held that the State must comply with the pretrial discovery rules. In *Williamson* v. *State,* 263 Ark. 401, 565 S.W. 2d 415 (1978), we ordered a new trial when the State failed to comply with Rule 17.1, saying:

> We are persuaded that Rule 17.1 imposes a duty upon the state to disclose to defense counsel, upon a timely request, all material and information to which a party is entitled in sufficient time to permit his counsel to make beneficial use thereof. Any interpretation of Rule 17.1 to the contrary would indeed make a farce of a rule which has as its purpose to reduce delays during

trial and taken as a whole lending more conclusiveness and completeness in the disposition of criminal cases and disclosure, indeed, alleviates docket congestion and permits a more economical use of judicial resources. It seems clear that disclosure in advance of the trial does not create any risks for the state inasmuch as any improper use of the disclosed material is virtually impossible.

In *Williams* v. *State,* 267 Ark. 527, 593 S.W. 2d 8 (1979), we ordered a new trial when the State failed to furnish the defense with the information that a police officer would testify as to a statement made by the defendant. We said:

The court must act in such a situation. The evidence must be excluded or a continuance granted. In the case of *Hughes* v. *State,* 264 Ark. 723, 574 S.W. 2d 888 (1978), we held it was not error if the court granted a recess so that the defendant's attorney could question the witness. *In this case the court gave the appellant no relief.*

We are not saying the statement is inadmissible testimony. That is a separate question. The court's error was its failure to enforce the rule of discovery that imposes upon the State an obligation to timely inform the defendant of all information it has been properly requested to furnish. In this case we do not feel that the information was timely furnished. The judge abused his discretion in admitting the statement and, therefore, we reverse the judgment and order a new trial. [Emphasis added.]

In *Earl* v. *State,* 272 Ark. 5, 612 S.W. 2d 98 (1981), we held that the court should have granted a mistrial, a drastic remedy, to cure the State's failure to comply with the rule.

When the State violates the pretrial discovery rule the court has four options under Rule 19.7. They are: (1) The

evidence may be excluded; (2) discovery or inspection may be ordered; (3) a continuance can be granted; and, (4) an appropriate order may be entered depending on the circumstances. The lower court imposed no such sanctions and granted no appropriate relief. If prejudice will result, the court must take appropriate action to remove that prejudice.

It is suggested that because the prosecuting attorney suggested he could have the "witness available in twenty minutes," a continuance was offered and this cured the error. That is not so. The court, without inquiry, immediately ruled that *because* a subpoena had been issued to Sharon West, *that* fact put the defense on notice, and cured any error, without any inquiry at all as to genuine surprise, prejudice or notice.

In one case we did imply that the State's failure to comply with the rule might be cured by the court offering a recess or continuance. *Dupree* v. *State,* 271 Ark. 50, 607 S.W. 2d 356 (1980), we said:

> It is quite possible that the *trial court might have rendered* the state's failure to earlier furnish the names of the witnesses it used harmless by granting appellant a continuance or by recessing the trial until appellant's attorney could have an adequate interview with the witnesses. See Rule 19.7, Arkansas rules of Criminal Procedure, Ark. Stat. Ann. vol. 4A (Repl. 1977); *Hughes* v. *State,* 264 Ark. 723, 574 S.W. 2d 888. But *the court never gave any indication that this relief was available to appellant.* The court's overruling of appellant's motion before his attorney could cross-examine the deputy prosecuting attorney was certainly not indicative of the availability of such relief. [Emphasis added.]

In *Sumlin* v. *State,* 273 Ark. 185, 617 S.W. 2d 372 (1981), the defendant sought to exclude the testimony of a witness called during the trial whose name had not been furnished to the defense. The trial court, instead of excluding the

testimony, recessed the trial until the next day to give the defense an opportunity to talk to the witness. We said that this action cured any possibility of error. *See* also *Hughes* v. *State*, 264 Ark. 723, 574 S.W. 2d 888 (1978).

In this case there was no such offer by the trial court. In none of our cases have we placed on the defense the added burden of finding a solution to the prejudice created by the State's failure to comply with the rules. Once properly raised and once it is clear that prejudice will exist, the trial court must act to remove that prejudice.

Reversed and remanded.

ADKISSON, C.J., and HAYS, J., dissent.

RICHARD B. ADKISSON, Chief Justice, dissenting. The majority is reversing this case on a technicality centered on appellant's failure to respond to the State's offer of a continuance. This is done although appellant has failed to show he was prejudiced as we required in *Renton* v. *State*, 274 Ark. 87, 622 S.W 2d 171 (1981), failed to make a timely objection, and failed to apprise the trial court of the action he sought after his original motion was denied.

It is important to review the facts in this case because, in any event, Sharon West's testimony regarding the truck is harmless error since the evidence of guilt and other identification of the truck was overwhelming. After a trial by jury appellant, Jerry Lee Nelson, was convicted of burglary and misdemeanor theft of property and was sentenced to 40 years in the state penitentiary and one year in the county jail. On February 6, 1979, at approximately 2:30 a.m., Officer Wiley of the El Dorado Police Department observed a Ford pickup truck driven by a black male pull out from behind the Hickory House restaurant at a high rate of speed. The officer found that a window in the rear of the restaurant had been recently broken; he then radioed a detailed description of the pickup truck to officers in Union County advising them of a

suspected burglary. The radio report described a Ford pickup truck camper with a CB whip antenna on the rear bumper, a red and white novelty plate on the front bumper, and "H" as the first letter on the license plate. Shortly thereafter a Union County Deputy Sheriff saw such a truck parked on the side of the road; it was occupied by Johnny Lee Nelson, a black male; and steam was rising from the tires and hood. The appellant was arrested and in plain view on the floorboard of the truck were 45 flat and uncrumpled one dollar bills.

A subsequent investigation of the Hickory House revealed that someone had broken into the jukebox which would accept flat and uncrumpled one dollar bills. One such one dollar bill was found near the jukebox, and a second was found in the jukebox money changer. The owner testified that the jukebox should have contained between $40 and $80.

A witness, Sharon West, testified that she worked at the Roadrunner [gas station] and, at approximately 2:30 a.m., she saw a brown pickup truck with a camper and whip antenna come off Calion Road at a high speed and cut between the "pumps and the signs." The next day she identified the truck she had seen. The Roadrunner was located on the route that would usually be taken in traveling from the Hickory House to the location of appellant's arrest. The truck occupied by the appellant and the truck identified by Sharon West were one and the same; it was registered in the name of Johnny Lee Nelson.

The majority holds that the trial court should have excluded the testimony of Sharon West. Appellant filed a motion to discover the names and addresses of all persons the State intended to call as witnesses at the trial. It is acknowledged that the State unintentionally failed to furnish appellant the name of this witness.

After the jury was sworn but prior to opening statements, defense counsel moved *"in limine* to exclude the

testimony of Sharon West on the grounds that we filed a motion for discovery." Defense counsel stated that he did not find out about the witness until *voir dire* examination and at that time was furnished with a copy of her statement. He further stated that "we feel she must be excluded under the Rules of Criminal Procedure."

Defense counsel stated that he was completely and totally unprepared as far as this witness was concerned. The prosecuting attorney then offered:

> . . . to make this witness available within 20 minutes and he [defense counsel] can interview her. Her testimony is not complicated. It's short and to the point. I think — We'd make her available and he could interview her and then he would then have the beneficial use of that information.

The court refused to exclude the testimony of the witness stating that a subpoena had been issued for her at least 11 days before trial.

Although appellant did not specifically state which rule in the Rules of Criminal Procedure he was referring to, it was apparently Rule 19.7 (a) which provides:

> (a) If at any time during the course of proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant thereto, the court may order such party to permit the discovery or inspection of materials not previously disclosed, grant a continuance, prohibit the party from introducing in evidence the material not disclosed, or enter such other order as it deems proper under the circumstances.

This Court has consistently held that in order to preserve an objection for review on appeal, it is necessary that the objection at trial be made at the first opportunity and the ground of the objection be sufficiently specific to apprise the trial court of the action which the objecting

party desires the court to take. Rule 36.21, Ark. Rules Crim. Proc., Vol. 4A (Repl. 1977); *Wicks* v. *State,* 270 Ark. 781, 606 S.W. 2d 366 (1980); *Turkey Express* v. *Skelton Motor Co.,* 246 Ark. 739, 439 S.W. 2d 923 (1969); *Goodwin* v. *State,* 263 Ark. 856, 568 S.W. 2d 3 (1978); Cf. Rules 46 & 51, Ark. Rules Civ. Proc., Vol. 3A (Repl. 1979).

Here, appellant did not make his objection specifically and at the first opportunity to do so. Instead of objecting in the morning when he discovered the prosecutor's mistake during *voir dire* examination, appellant waited until that afternoon after the jury had been sworn. Appellant was then offered a continuance by the State for the purpose of interviewing the witness. However, appellant not only failed to respond to this offer, but also failed to specifically request a continuance or otherwise apprise the trial court of what action he wanted it to take. The State had supplied appellant with a copy of the witness's statement at *voir dire* several hours earlier. Under these circumstances only appellant knew whether a continuance would be beneficial to him, but he failed to object, move for a continuance, or nod in assent to the State's offer of a continuance. We cannot presume error. Had appellant responded to the State's offer and interviewed the witness he could have requested a continuance if he felt it necessary. Moreover, it can be said with certainty that the admittedly good faith mistake of the prosecutor was harmless since the evidence of guilt and identification of the truck was overwhelming.

Appellant has neither shown prejudice from the failure to disclose the name of the witness nor has he claimed that interviewing this witness would prove beneficial which we held was necessary on October 12, 1981, in *Renton* v. *State, supra.* The majority acknowledge that it must be clear that prejudice exists but overlook the fact that, here, it is not shown to exist and, in fact, it does not exist. Last week we required a showing of prejudice; this week we presume prejudice.

I am hereby authorized to state that HAYS, J., joins in this dissent.