Robert C. PHILLS *v.* STATE of Arkansas

CR 89-197                                      783 S.W.2d 348

Supreme Court of Arkansas
Opinion delivered February 5, 1990

*Leon Jamison,* for appellant.

*Steve Clark,* Att'y Gen., by: *Joseph V. Svoboda,* Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. The appellant was convicted of rape and kidnapping. There is no merit in either of his points of appeal, and we affirm both convictions.

Appellant's first argument is that the trial court erred in admitting testimony about a serological examination of his underwear. The short answer to the argument is that there was no testimony whatsoever about a serological examination of appellant's underwear, nor even whether he wore any. We assume appellant has not confused his underwear with the victim's semen-stained underwear, which was admitted into evidence without objection, and from which blood typing was obtained. We can only assume that appellant meant to argue that the serological test results of his pants and of his blood sample should not have been admitted into evidence. If that is his intended argument, it has no merit.

■ With respect to the serological test results on his pants, appellant did not preserve his argument for appeal because there was no objection to the introduction of the test results. Appellant apparently recognizes that no objection was made below on this evidence and argues that it was not necessary for him to renew his objection; however, that argument is fallacious. He never made the original objection about serological test results conducted on his pants.

■ The transcript reflects that at the time the pants were introduced, appellant's counsel asked to approach the bench and an "off-the-record discussion" followed. The trial court then stated, "Let the record show that over the objection of the defendant, we will receive State's Exhibit Numbers 2 [brown coat], 3 [man's white shirt], 4 [black pair of men's pants] . . . ." We have often condemned the practice of off-the-record discussions because it is impossible for us to know the basis of the objection. *Dumond* v. *State*, 294 Ark. 379, 743 S.W.2d 779 (1988). Such an objection is clearly inadequate to preserve an argument that the subsequent admission of serological test results, which were conducted on the pants, was error.

Blood was taken from the appellant and typed. The prosecutor asked the crime-lab serologist if she knew appellant's blood type. Appellant's counsel objected and asked to approach the bench. The transcript again reflects another "off-the-record" discussion, followed by the trial court stating, "The court's going to sustain the objection and ask you to lay a better foundation." A foundation was then laid.

■ Appellant may be arguing that foundation was inadequate. As in *Munnerlyn* v. *State*, 264 Ark. 928, 576 S.W.2d 714 (1979), appellant does not allege that the samples had been tampered with and there is nothing in the record to suggest such a possibility. It is not necessary that every moment from the time evidence comes into the possession of a law enforcement agency until it is introduced at trial be accounted for by every person who could have conceivably come into contact with it. It is only necessary that the trial judge, in his discretion, be satisfied that the evidence presented is genuine and, in reasonable probability, has not been tampered with. The trial judge did not abuse his discretion in allowing the result of the serological test of appellant's blood sample.

Appellant's next argument concerns sufficiency of the evidence. He contends that he was not sufficiently identified, and there was not sufficient evidence of penetration of the victim. There is no merit in either argument.

■ The victim expressly identified the appellant as her attacker. The testimony of the victim alone is sufficient identification. However, in addition to the victim's identification, two (2) other witnesses saw appellant with the victim at the time of the crimes, and a policeman caught appellant just as he left the victim. Further, his blood type matched the blood type found in the semen on the victim's underwear. The identification was sufficient.

■ With regard to penetration, the victim testified that appellant took off her pants, got on top of her, and "sticks his thing in there," . . . "he penetrated me." The language is sufficient evidence of rape. There is no real doubt about the meaning of the testimony.

Affirmed.