Ronnie REED *v.* STATE of Arkansas

CR 92-41 847 S.W.2d 34

Supreme Court of Arkansas
Opinion delivered February 15, 1993

*James P. Massie*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Ronnie Reed, was convicted of delivery of a controlled substance (cocaine) and sentenced, as a habitual offender, to one hundred (100) years imprisonment. This appeal followed. Our jurisdiction is proper pursuant to Ark. Sup. Ct. R. 29(1)(b).

On appeal, appellant asserts two points of error. The first point of error appellant asserts is that the trial court erred in denying appellant's motion for sanctions for the state's failure to provide discovery with respect to the confidential informant. Appellant contends the only proper remedy for the alleged discovery violation was dismissal of the charge or exclusion of testimony about events occurring while the confidential informant was present. For his second point of error, appellant contends the trial court erred by allowing Officer Rita Porter to testify regarding two inculpatory statements allegedly made by appellant which were not revealed in discovery. Once again, appellant argues the only appropriate remedy for the alleged discovery violation was dismissal of the charge or exclusion of the testimony regarding the statements.

## I. CONFIDENTIAL INFORMANT

Appellant was arrested on May 31, 1990, and a Felony Information charging appellant with Delivery of a Controlled Substance (cocaine) was filed on June 20, 1990. An amended information was filed January 28, 1991. On January 9, 1991, appellant filed a motion for discovery of the confidential informant. On March 28, 1991, the court ordered disclosure of the confidential informant. The state filed a response to discovery motion on April 11, 1991, stating it had an "open file policy." On May 17, 1991, there is a notation by Special Judge Robert Adcock in the judge's docket notes that the "state failed to produce [confidential informant's] address until this a.m." On May 21, 1991, appellant filed a motion for sanctions based on the state's failure to comply with the court's discovery order. To remedy the state's discovery violation, appellant asked that the charge against him be dismissed or that "all testimony and evidence concerning the alleged sale and delivery by Defendant of a controlled substance to or in the presence of the alleged

confidential informant." In his motion, appellant alleged that despite the court's March 28, 1991, order for the state to disclose complete information concerning the confidential informant, the state did not provide any information to appellant regarding the confidential informant until May 17, 1991, when the state provided appellant with the name "Tanya Webster," the address '1615 Maryland, Little Rock," which is the parking lot of a funeral home, and a memorandum itemizing payments of money to the confidential informant. Further, on May 17, 1991, the court ordered the state to disclose and produce not later than 4:30 p.m. on Monday, May 20, 1991, full and complete information concerning the confidential informant "including place of employment, correct current residence address, criminal history, and any facts or information bearing on credibility of the alleged confidential informant." Despite the court's order, the state provided no further information to appellant until 10:50 a.m. Tuesday, May 21, 1991, when the state left a telephone message that the confidential informant was unemployed. The state's response to the motion for sanctions, filed May 28, 1991, stated the state provided appellant with the name "Tanya Webster, 1615 Marlyn, Little Rock, Arkansas" on May 17, 1991, and that the information concerning the informant's employment was provided as soon as the state could obtain the information.

 August 14, 1991, appellant filed a motion to dismiss, alleging the acts of the state resulted in the confidential informant being unavailable to appellant as the confidential informant was killed June 9, 1991. Appellant stated at the hearing August 15, 1991, that he had the correct address approximately (one) 1 week before the confidential informant was killed and tried unsuccessfully to contact her. The motion was denied. Appellant concedes in his brief that "[w]hether [the informant's] testimony could have changed the outcome will never be known because of her untimely death" and does not indicate which way the informant's testimony would have been helpful to his case other than to say "[h]ad the appellant been given the requested information (i.e. statements, name, address, and employment of the confidential informant) in a timely manner, he would have been able to refute said testimony used to convict him and shown no participation in the crime." We fail to see how appellant can assert that the testimony of the confidential informant would have been

favorable to him since he admits he never had the opportunity to interview her. While the state did not provide the identity of the confidential informant to appellant as promptly as it should have, it does not necessarily follow that the state's delay requires that the charge against appellant must be dismissed or that any testimony concerning events occurring in the presence of the confidential informant must be suppressed. It is within the trial court's discretion which sanction, if any, to employ when there is a failure to comply with discovery. *Renton* v. *State*, 274 Ark. 87, 622 S.W.2d 171 (1981). Here, the only sanctions requested by appellant were either dismissal of the charge or exclusion of all testimony relating to events occurring while the informant was present. Since the informant was present during the entirety of the alleged transaction, suppression of the testimony would have left the state without a case. The incorrect address appears to have been a miscommunication given the similarity of "1615 Maryland" and "1615 Marlyn." While the state provided the information later than required, the state asserted that the information was supplied as soon as it was available and appellant concedes that he had the informant's correct address for approximately one (1) week before her death. The state is required to disclose material and information in sufficient time for appellant's counsel to make beneficial use of the information. *Id*. Here, the identity of the informant was provided well in advance of trial. It was only the unforeseen death of the informant which prevented appellant from contacting the informant. Given the circumstances of this case, we find it was not an abuse of the trial court's discretion to deny appellant's motion for sanctions for the state's delay in providing discovery with respect to the confidential informant.

## II. INCULPATORY STATEMENTS

Trial was held on August 20, 1991. During opening argument, the state referred to statements allegedly made by appellant to Officer Porter during the transaction. Appellant objected to the statements that appellant called "Charles" over, appellant told "Charles" that Officer Porter wanted to buy cocaine, and appellant told Officer Porter that if the cocaine was not good to come back and he would make it good on the basis that the statements were not provided in response to his requests for discovery. Appellant asked that the charges be dismissed, a

mistrial be granted, or the evidence be excluded. The trial court denied appellant's motions, but offered to give appellant a continuance to deal with the surprise caused by the failure of the state to disclose the statements. Appellant, after consultation with his attorney, declined the continuance.

At trial, undercover Officer Rita Porter testified that on May 28, 1990, she approached appellant to buy some crack cocaine. The confidential informant was with Officer Porter during the transaction. Officer Porter testified that she approached appellant and asked him for $100 worth of crack cocaine, that appellant said he did not have small quantities and they would have to buy from one of his boys, appellant motioned for a man he called "Charles" to come over and told him Officer Porter wanted to buy cocaine. "Charles" handed Officer Porter four (4) off-white rocks, Officer Porter handed the money to "Charles" and "Charles" handed the money to appellant. Officer Porter then commented that the cocaine did not look real and appellant told her that if it was not to come back and he would fix her up.

Appellant argues the statements Rita Porter attributed to appellant should have been excluded since they were not provided in discovery. Appellant asked for the substance of all oral statements made by defendant in a motion for discovery. The state's response stated that they had an open file policy and appellant was free to examine the entire case file upon twenty-four (24) hours notice. The court found that the statements had not been provided.

The statements clearly should have been provided. Arkansas Rule of Criminal Procedure 17.1 (1987) provides in pertinent part:

> (a) Subject to the provisions of Rules 17.5 and 19.4, the prosecuting attorney shall disclose to defense counsel, upon timely request, the following material and information which is or may come within the possession, control, or knowledge of the prosecuting attorney:
>
> . . . .
>
> (ii) any written or recorded statements and the substance of any oral statements made by the defendant or a codefendant[.]

The court found the statements attributed to appellant were not included in the state's file, nor were they disclosed to appellant by other means. The failure of the state to apprise appellant of these statements after a proper request is a serious violation of the pretrial discovery rules, which should not be dealt with lightly.

While we look with disfavor on the state's failure to disclose these statements, the question of the appropriateness of the court's response to the discovery violation is a separate issue. "When the State violates the pretrial discovery rule the court has four options under Rule 19.7. They are: (1) The evidence may be excluded; (2) discovery or inspection may be ordered; (3) a continuance can be granted; and, (4) an appropriate order may be entered depending on the circumstances." *Nelson* v. *State*, 274 Ark. 113, 115-16, 622 S.W.2d 188, 189 (1981). It is within the trial court's discretion which sanction to employ. *Renton*, 274 Ark. 87, 622 S.W.2d 171. Here, the trial court offered to give appellant a continuance to deal with the surprise caused by the state's failure to reveal the statements. We have held a continuance may be sufficient to cure the state's failure to comply with the rule. *Sumlin* v. *State*, 273 Ark. 185, 617 S.W.2d 372 (1981); *see also Hughes* v. *State*, 264 Ark. 723, 574 S.W.2d 888 (1978). In this case, we think any possible prejudice caused by the state's failure to comply with the pretrial discovery rule would have been cured by a continuance. Appellant was made aware of and objected to the statements before any witnesses were presented. Since the trial court offered appellant a continuance before any testimony was presented, which he declined, we find no error.

Affirmed.