Austin COOPER *v.* STATE of Arkansas

CR 93-1352

879 S.W.2d 405

Supreme Court of Arkansas
Opinion delivered July 5, 1994

486

*Bryant & Henry*, by: *Barry A. Bryant*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Appellant Austin Cooper was convicted of raping his minor daughter, A.C., who was below the age of fourteen, in violation of Ark. Code Ann. § 5-14-103 (Repl. 1993). He was sentenced to life imprisonment as a habitual offender with more than four prior convictions. Cooper raises five issues on appeal: (1) whether the trial judge erred in allowing hearsay testimony of the victim; (2) whether the trial judge erred in refusing to recuse; (3) whether the trial judge erred in allowing evidence of his arrest in California; (4) whether the trial judge erred in denying his motion to question the victim about her sexual history; and (5) whether the trial judge erred in refusing to grant his request for new counsel. We find no merit in any of the points raised and affirm the judgment of conviction.

On May 6, 1993, Cooper was tried on the rape charge. A.C., who was 13 at the time of the trial, testified that Cooper had sexual intercourse with her at least five times during the period in question. He told her that he could make her have a "bad accident" if she told anyone. N.C., the victim's eleven-year-old sister, testified that she had seen her father place his finger and penis in A.C.'s vagina on separate occasions. Dr. Russell Mayo testified that A.C. informed him she had been sexually molested by her father for four years. Based on his examination, he determined that A.C. had had sexual intercourse and that she had Trichomonas Vaginitis, a sexually transmitted disease. Teresa Smith, A.C.'s mother who was married to Cooper at the time of the

rapes, testified that she had Trichomonas Vaginitis at the same time that her daughter did. No proof was presented that Cooper had the same disease.

The jury found Cooper guilty of rape and after receiving evidence of more than four prior convictions sentenced him to life imprisonment.

## I. HEARSAY

Cooper first contends that the trial court erred in allowing Teresa Smith to testify on redirect examination about what A.C. told her that Cooper had done. On cross-examination, defense counsel pursued the following questioning:

> DEFENSE ATTORNEY: At that particular time did Austin not confront [A.C.] with these allegations and ask her specifically to tell you that he did not do anything to her and didn't she respond that he had not done anything to her?
>
> SMITH: He asked her had he been messing with her and she lowered her head and said, no, while he was in the room.
>
> DEFENSE ATTORNEY: Has she not made that same response to other people that inquired?
>
> SMITH: Not to my knowledge.
>
> DEFENSE ATTORNEY: Has she not told her brother that the allegations were not true?
>
> SMITH: Not to my knowledge.
>
> DEFENSE ATTORNEY: Jeremy?
>
> SMITH: I have not heard that.

On redirect examination, the prosecutor asked Smith if A.C. denied that Cooper had done something to her after Cooper left the room. Defense counsel objected, and the prosecutor responded that defense counsel had opened the door to this inquiry and that the mother's testimony was not offered for the truth of the matter asserted but to show consistency with the victim's statement. The trial court overruled the objection, and these questions and answers followed:

PROSECUTOR: Again, what did she say after her father left the room?

SMITH: She said, "Moma, I promise it's true."

PROSECUTOR: What did she say was true?

SMITH: That he had been abusing her, sexually.

■■ By the defense counsel's cross-examination, it appears clear that he was implying that A.C. fabricated the charge against Cooper because she had told no one else about it. Ordinarily, evidence of a prior consistent statement by the declarant is not admissible to bolster the credibility of the declarant because it is hearsay. *Henderson* v. *State*, 311 Ark. 398, 844 S.W.2d 360 (1993); *Todd* v. *State*, 283 Ark. 492, 678 S.W.2d 345 (1984). Rule 801(d)(1)(ii), however, carves out an exemption from that general rule when an implied charge of recent fabrication has been made:

A statement is not hearsay if:

(1) The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . (ii) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive, . . . .

Because defense counsel cast doubt on the veracity of A.C.'s allegations against Cooper and since A.C. was subject to cross-examination concerning the statement at trial, the trial judge correctly ruled that the prosecutor could ask Teresa Smith about A.C.'s prior consistent statement. *Henderson* v. *State, supra.*

■ Moreover, Cooper's defense counsel without question opened the door for the prosecutor's continued questioning about who A.C. had told about these allegations. Fairness dictates that the prosecutor be allowed to explore this area of inquiry to clarify any confusion or misapprehension that may have lingered in the jury's minds from defense counsel's examination. We find no abuse of discretion by the trial judge in permitting the prosecution to go forward with the inquiry. *See Dillon* v. *State*, No. CR 93-1068 (June 20, 1994); *Pryor* v. *State*, 314 Ark. 212, 861

S.W.2d 544 (1993); *Spohn v. State*, 310 Ark. 510, 837 S.W.2d 873 (1992).

## II. RECUSAL

Cooper next alleges prejudice in that the trial judge was the prosecutor for two of the prior convictions used to enhance his prison sentence. He asserts that the trial judge's personal knowledge of some of the facts involved in his prior convictions required his recusal under Canon 3.C.1(a) of the Arkansas Code of Judicial Conduct because his impartiality might be reasonably questioned.[1]

■ This argument is wholly without merit. We have held that a trial judge need not recuse simply because that judge previously prosecuted an appellant which resulted in the felony convictions relied upon for enhancement purposes. *See, e.g., Russell v. State*, 295 Ark. 619, 751 S.W.2d 334 (1988); *Jordon v. State*, 274 Ark. 572, 626 S.W.2d 947 (1982). That is the precise situation we have here, and Cooper has demonstrated no additional basis for recusal.

## III. CALIFORNIA ARREST

The third point raised is that evidence of the California arrest prejudiced Cooper because there was no evidence that he left Arkansas to avoid prosecution. He contends that an absence of flight on his part is shown by the fact that he waived extradition from California to Arkansas.

■ Cooper's suggestion that his being in California did not constitute evidence of flight ignores the fact that there was testimony that he went to California after being accused of rape and after being thrown out of his house. Cooper denies that he knew that he was accused of rape, but this was an issue for the jury to resolve. This court has held that evidence of flight to avoid arrest may be considered by the jury as corroborative of guilt. *See Killcrease v. State*, 310 Ark. 392, 836 S.W.2d 380 (1992); *Riddle v. State*, 303 Ark. 42, 791 S.W.2d 708 (1990); *Yedrysek v. State*, 293 Ark. 541, 739 S.W.2d 672 (1987). It was not error for the trial judge to allow this evidence.

---

[1] The Arkansas Code of Judicial Conduct was revised *in toto* by per curiam order dated July 5, 1993.

## IV. SEXUAL HISTORY

Cooper's fourth claim of error is that the trial judge erred in refusing to allow him to question the victim concerning her sexual history. He concedes that the Rape Shield Act (Ark. Code Ann. § 16-42-101 (Repl. 1994)) would normally bar questions concerning the victim's prior sexual conduct. However, he argues that the prosecutor opened the door to this evidence when he introduced the fact that the victim had contracted a sexually transmitted disease, Trichomonas Vaginitis, at the same time as her mother. That evidence was prejudicial to Cooper, he maintains, and he should have been allowed to cross-examine A.C. on this matter.

An *in camera* hearing was held on Cooper's motion requesting permission to explore other possibilities of how A.C. contracted the disease. The trial judge denied the motion on the basis of the general proscription in the Rape Shield Act against using prior sexual conduct to attack the credibility of the victim or to prove consent or any other defense. Ark. Code Ann. § 16-42-101(b) (Repl. 1994). Cooper stopped with the judge's ruling and did not pursue his motion under subsection (c) of the Act on grounds of relevancy or based on the fact that the probative value of the prior sexual conduct outweighed its prejudicial impact. Nor did he proffer to the court what he hoped to prove on cross-examination to show prejudice which makes any determination of prejudice by this court all but impossible. *Roe* v. *State*, 310 Ark. 490, 837 S.W.2d 474 (1992). We do not mean to suggest that had Cooper done so the cross-examination would have been allowable. We simply observe that the procedures for pursuing an exception to the Rape Shield Act were not followed to conclusion. We find no abuse of discretion by the trial judge in denying the motion. *See Laughlin* v. *State*, 316 Ark. 489, 872 S.W.2d 848 (1994).

## V. REQUEST FOR NEW COUNSEL

For his final point, Cooper contends that the trial judge denied him effective counsel by refusing to appoint new counsel for him at trial. During *voir dire*, Cooper gave the judge a handwritten request for defense counsel's removal which alleged that he had been successively represented in this matter by Thomas Potter, Wren Autrey, and now his present appointed counsel,

Charles Potter, and that he had only met with Charles Potter once the day before trial for 20 minutes. He asserted that he had "conflicts" with Charles Potter but that Potter was "more experienced in the law" than his two previous attorneys. Cooper noted that no witnesses were present at trial on his behalf, and he asked for a continuance. Later on in the trial, after the trial judge had refused to appoint him new counsel, Cooper acknowledged that Charles Potter was "an excellent attorney" but he went on to request that he be allowed to cross-examine A.C. rather than have Potter do it, which the trial judge allowed.

A grant of new defense counsel would have postponed the trial. This court has held that once competent counsel is obtained, any request for a change in counsel must be considered in the context of the public's interest in the prompt dispensation of justice. *Clements* v. *State*, 306 Ark. 596, 817 S.W.2d 194 (1991); *Clay* v. *State*, 290 Ark. 54, 716 S.W.2d 751 (1986). The refusal to grant a continuance in order for the defendant to change attorneys rests within the discretion of the trial judge, and the decision will not be overturned absent a showing of abuse of that discretion. *Clay* v. *State, supra.* In *Clay*, we held that the trial judge had not abused his discretion by denying a motion for continuance when, just before trial, the defendant decided he wanted a different attorney. In the instant case, Cooper has failed to offer any basis for a claim of abuse of discretion.

Further, in order to show that his attorney was ineffective, Cooper must show that counsel's performance was so deficient that the counsel was not functioning as such in contravention of the Sixth Amendment. *Cox* v. *State*, 313 Ark. 184, 853 S.W.2d 266 (1993). Secondly, he must show that he was so prejudiced by the defense as to be deprived of a fair trial. *Id.* Cooper made no showing of ineffectiveness short of a general allegation that no witnesses were called in his defense. We do not consider the issue of ineffective counsel to have been appropriately raised or developed at trial, and for that reason we will not consider it on direct appeal.

The record in this case has been reviewed pursuant to Ark. Sup. Ct. R. 4-3(h) for errors prejudicial to Cooper which could warrant a reversal. No such errors have been found.

Affirmed.