John CALDWELL *v.* STATE of Arkansas

CR 94-403                                    891 S.W.2d 42

Supreme Court of Arkansas
Opinion delivered January 17, 1995

*James Dunham*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was convicted of committing two crimes of rape and was sentenced to life imprisonment for each crime. He appeals. There is no reversible error

in any of the thirteen points of appeal, and we affirm the judgment of convictions.

Appellant first contends the evidence was not sufficient to sustain either of the convictions. The first conviction was for committing the crime of rape against his stepdaughter when she was less than fourteen years of age. Forcible compulsion is not an element of proof when the victim is less than fourteen. Ark. Code Ann. § 5-14-103(a)(3) (Repl. 1993). The second conviction was for committing the crime of rape by forcible compulsion against his stepdaughter when she was fourteen years old and older.

The victim testified that appellant began fondling her when she was nine, had anal sex with her and forced her to perform oral sex on him beginning at age eleven, and had vaginal sex with her at age thirteen and that these crimes continued against her until she was sixteen years old. The victim testified that she was afraid of her stepfather and that he forced her to submit to the crimes. The victim had a baby when she was fifteen years old, and a geneticist testified that there was a 99.26% probability that appellant was the father of the baby. A younger sister offered testimony tending to corroborate one of the acts.

On the first conviction, appellant states that if the victim "was telling the truth that the rapes, oral sex, and anal sex took place starting at age eleven, then there was sufficient information in the record to sustain the conviction, but if [the victim] was not truthful then there was not sufficient" proof to sustain the conviction. In short, appellant asks this court to reweigh the credibility of the testimony of the victim. The short answer to the argument is appellate courts do not weigh the credibility of witnesses. *Mauppin* v. *State*, 314 Ark. 566, 868 S.W.2d 270 (1993). The uncorroborated testimony of a child rape victim is sufficient evidence to sustain a conviction. *Winfrey* v. *State*, 293 Ark. 342, 738 S.W.2d 391 (1987).

On the second conviction, appellant argues that there was no proof of forcible compulsion after the victim reached the age of fourteen years. The argument is without merit. The victim testified that her stepfather forced her to have sex with him after she turned fourteen and after she had her child at age fifteen. She further testified that she was the victim of the crime of

rape by her stepfather over a prolonged period of time, beginning at age eleven. The test for determining whether there was force is whether the act was against the will of the party upon whom the act was committed. *Spencer* v. *State*, 255 Ark. 258, 499 S.W.2d 856 (1973). Further, the age of a victim and the relationship of the victim to the assailant are key factors in weighing the sufficiency of evidence to prove forcible compulsion. *Keifer* v. *State*, 297 Ark. 464, 762 S.W.2d 800 (1989). When an assailant stands *in loco parentis* to a victim, the law regarding force is satisfied with less than a showing of the utmost physical resistance of which the victim is capable. *Griswold* v. *State*, 290 Ark. 79, 716 S.W.2d 767 (1986). In sum, there was substantial evidence to support both of the convictions.

Appellant's next point involves the rape shield statute. Appellant sought to introduce evidence that the victim told another child that appellant's father, the victim's step-grandfather, had sexually abused her when she was nine years old. The trial court correctly interpreted the plain language of the rape shield statute in refusing to allow such testimony. Ark. Code Ann. § 16-42-101(b) & (c)(2)(C) (Repl. 1994).

The trial court also ruled that, in accordance with the rape shield statute, appellant could not ask one of the State's witnesses, a geneticist, whether either appellant's father or his brothers could have produced genetic test results similar to the one introduced. We need not address the matter because, despite the court's ruling, appellant was allowed to ask the questions, and the responses were unfavorable to him. Under these circumstances, even if the ruling were in error, appellant could not have suffered prejudice, and we will not reverse in the absence of prejudice. *Robinson* v. *State*, 314 Ark. 243, 861 S.W.2d 548 (1993).

Appellant's next assignment of error fails for the same reason. He argues that the trial court erred in ruling that he could not have a copy of a report made by a Suspected Child Abuse and Neglect worker. We summarily affirm the point because appellant used the report to impeach the victim's credibility. The trial court's ruling did not result in any prejudice to appellant, and we will not reverse in the absence of prejudice. *Billett* v. *State*, 317 Ark. 346, 877 S.W.2d 913 (1994).

Appellant next argues that the trial court erred in

refusing to order the State to produce the victim for a deposition, and, as authority for the argument, cites Rule 17.4 of the Arkansas Rules of Criminal Procedure. Rule 17.4 does not provide that an accused has a right to take the deposition of a victim. Rather, it confers authority on the trial court to require disclosure of material or information not produced under other provisions of Rule 17. *See Commentary to Article V of the Rules of Criminal Procedure.* In *Hoggard* v. *State,* 277 Ark. 117, 640 S.W.2d 102 (1982), we said there might be some case in which a deposition might be required, but we have never been presented with such a case. The trial court did not err in the ruling.

At trial, the victim testified that appellant was the father of her child and that he had said to her, "Thank you for giving me a son." Appellant objected on the ground that the statement had not been disclosed by the prosecution. The State responded that it did not know of the statement until ten o'clock the previous night. The trial court excused the jury and allowed appellant to *voir dire* the victim. The trial court granted a recess until the following morning so that appellant would have time to prepare for cross-examination. Appellant assigns the ruling as error.

Under the plain language of Rule 17.1(a)(iii) this evidence should have been provided to appellant because the statement came within the knowledge of the prosecuting attorney after timely discovery requests had been made. However, the State did not learn of the statement until late on the previous night. We have said that the question of the appropriateness of the trial court's response in such cases is a separate issue. *Reed* v. *State,* 312 Ark. 82, 847 S.W.2d 34 (1993). Rule 19.7 provides four options for dealing with disclosure violations. The trial court's choices are: (1) the evidence may be excluded; (2) discovery may be ordered; (3) a continuance may be granted; or (4) an appropriate order may be entered under the circumstances. *Nelson* v. *State,* 274 Ark. 113, 115-16, 622 S.W.2d 188, 189 (1981).

The trial court granted a recess until the following morning in order for appellant to have extra time to prepare for cross-examination of the witness. We cannot say that amounted to an abuse of discretion. Recently, in a similar case, inculpatory statements made by the defendant were not disclosed prior to trial, and we affirmed the trial court's giving a continuance as

an appropriate remedy. *Reed*, 312 Ark. at 88, 847 S.W.2d at 37.

In the State's opening statement the prosecutor said, "You will hear Aaron Duvall testify from the Pope County Sheriff's Department testify that when he tried to interview John Caldwell, John Caldwell was history. He was found some two and one-half months later in Las Vegas, Nevada." Appellant moved for a mistrial on the basis that the prosecutor had commented on appellant's refusal to testify. The trial court refused to order a mistrial. Appellant assigns the ruling as error.

Although it is true that the constitutional prohibition against the prosecutor commenting on the right of a defendant to remain silent applies to an opening statement, *see Meadows* v. *State*, 291 Ark. 105, 722 S.W.2d 584 (1987), this was not a comment on a refusal to testify, but rather was a reference to appellant's flight from the State. Such a comment is permissible; therefore, the trial court did not err in refusing to grant a mistrial. *See Cooper* v. *State*, 317 Ark. 485, 879 S.W.2d 405 (1994).

Near the end of the prosecutor's opening statement, the prosecutor additionally stated that appellant would testify that he is sterile. At the conclusion of the opening statement, appellant again moved for a mistrial and argued that the statement could cause the jury to wonder why he did not testify. The court denied the motion as untimely. In *Dixon* v. *State*, 310 Ark. 460, 839 S.W.2d 173 (1992), we held that an objection was untimely when the defendant waited until the end of his opening statement to object to something said in the prosecutor's opening statement. *Id.* at 467, 839 S.W.2d at 177. The motion in *Dixon* was more untimely than the one in the instant case. However, even if timeliness were not a factor, the trial court did not err in denying the motion for a mistrial. A mistrial is an extreme remedy and should only be granted when there is no chance that the trial can continue without manifest unfairness to the defendant. *Id.* Here, another witness, a medical doctor, testified that appellant was sterile. Appellant did not have to take the stand in order to get this information to the jury; therefore, the trial court's refusal to grant the mistrial could not have resulted in any prejudice to appellant.

Appellant objected to the admission of the three blood samples for insufficient showing of a chain of custody and objected

to the paternity test document as hearsay. The trial court overruled both objections, and appellant assigns both as error.

At trial, the State used a geneticist to establish the chain of custody for the blood samples taken from the victim, appellant, and the baby for the paternity test. The geneticist testified that he was the custodian of the records kept in the normal course of business at Roche Biomedical Laboratories. He stated that these procedures were in place when the sample was received.

Appellant does not argue that the blood samples were tampered with, only that the chain of custody was broken because the geneticist did not actually see all of the procedures as they were being conducted. The "chain of custody" requirement does not require every person who came in contact with evidence to account for it at trial. *Phills* v. *State*, 301 Ark. 265, 783 S.W.2d 348 (1990). It is only necessary that the trial court be satisfied that the evidence was not tampered with by anyone. *Id.* at 267, 783 S.W.2d at 350. The geneticist's testimony provided a sufficient foundation because he was the custodian of records which were kept in the normal course of business activity. *See* A.R.E. Rule 803(6).

Over appellant's objection the trial court allowed in evidence a Roche Biomedical Laboratories report stating that appellant could not be excluded as the biological father of the victim's child. Appellant objected to the evidence as hearsay and assigns the ruling as reversible error. Even if the report were hearsay, the content of it was properly admitted through another source.

Where hearsay evidence is improperly admitted, but the same evidence is properly admitted through another source, there is no reversible error. *Bussard* v. *State*, 295 Ark. 72, 747 S.W.2d 71 (1988). The geneticist testified that appellant could not be excluded as the child's father. This is the same evidence as contained in the document. Thus, there was no reversible error.

Appellant sought to ask the geneticist if his opinion of the probability of appellant being the child's father would be altered if he thought the victim had sex with his father or his brothers. The trial court refused to allow the testimony.

The trial court ruled correctly. There was nothing to

indicate, even remotely, that the victim had sex with any of appellant's relatives within the time she could have conceived the child. The only indication that the victim had sex with anyone else was her supposed statement to a friend that appellant's father had sexually abused her, but, even if true and even if admitted into evidence, the event supposedly took place when the victim was nine years old, years before the child was conceived. Therefore, such questions were irrelevant and could only have had the effect of confusing the issues or wasting time. The trial court has discretion to exclude testimony, even if relevant, if it would confuse the issues or waste time. A.R.E. Rule 403; *Gruzen* v. *State*, 267 Ark. 380, 591 S.W.2d 342 (1979), *cert. denied*, 449 U.S. 852 (1982).

Before trial appellant asked for the address of the victim, and the prosecutor replied that he did not have her address. The prosecutor refused to give appellant the address of the victim's younger sister's foster parents and refused to supply the address or phone number of a Suspected Child Abuse and Neglect worker. At trial, appellant argued that the State had maintained an open file policy for some defendants, but not for him. He objected and grounded his objection on the Equal Protection Clause. However, appellant failed to show how he was treated any differently than any other defendants requesting discovery. The record is barren of any proof about how other defendants are treated, and this court has stated that it will not respond to an argument that is lacking entirely in specificity. *Burns* v. *State*, 303 Ark. 64, 793 S.W.2d 779 (1990); *Ruiz* v. *State*, 299 Ark. 144, 772 S.W.2d 297 (1989). When a law or government policy is facially neutral, a party must make a showing of how he is treated differently from others in order to show a violation of the Equal Protection Clause. *Burns*, 303 Ark. at 66, 793 S.W.2d at 780; *see also Sanders* v. *State*, 300 Ark. 25, 776 S.W.2d 334 (1989).

Appellant's final argument is that the trial court erred in refusing to grant a continuance after the jury was seated. He argues that he was given information by the State at that time and it necessitated further investigation and testing. However, appellant made no showing or offered no proof to show how a continuance would have helped him investigate the information given him that morning, nor that such information would be relevant. Consequently, we cannot say the trial court abused its dis-

cretion in denying a continuance. *See Ray* v. *State*, 304 Ark. 489, 803 S.W.2d 894, *cert. denied*, 501 U.S. 1222 (1991).

Pursuant to Rule 4-3 (h) of the Rules of the Supreme Court and Court of Appeals, an examination of the record has been made of all other objections decided adversely to appellant, and there is no reversible error contained in those rulings.

Affirmed.