Ellis Charles BUTLER *v.* STATE of Arkansas

CR 97-1363                                        5 S.W.3d 466

Supreme Court of Arkansas
Opinion delivered December 9, 1999

*Bowden Law Firm*, by: *David O. Bowden*; and *Mays, Byrd & Hicks, P.A.*, by: *Rickey H. Hicks*, for appellant.

*Mark Pryor*, Att'y Gen., by: *James R. Gowen, Jr.*, Ass't Att'y Gen., for appellee.

R AY THORNTON, Justice. Appellant Ellis Charles Butler brings this appeal, alleging numerous points of error in his multiple convictions for rape and violation of a minor in the first degree. We agree that there is merit in his contention that the trial court abused its discretion in declining his motions for a continuance, and we remand for a new trial on the seven counts for which appellant was convicted.

Butler, who does not contest the sufficiency of the evidence, is a minister who came to Shirley from Georgia to establish a branch of the Universal Church of God and a boarding school. The school recruited both local students and troubled youths from other areas who boarded with church families or at the school dorms. In February 1997, one of his students, A.W., called her mother in Nebraska to report that Butler had sexually abused her. An investigation led to similar charges by four other female students, F.B., B.J.M., K.H., and T.T., and on February 18, 1997, an information was filed accusing Butler of multiple counts of rape and violation of a minor in the first degree by a person in authority or a position of trust. The felony information was amended and new charges were added on March 27, April 10, and April 24, 1997.

The record reveals that of the several amended informations filed by the State, none included identification of the names of victims associated with each count charged. Furthermore, the dates of the occurrences were listed as broadly as "during the 1990 to 1991 school year" or "between January and December, 1996." Butler first appeared with retained counsel Kent Tester, who filed standard discovery motions. At the pretrial hearing on April 23, 1997, Tester moved to withdraw. Attorneys Charles Suphan and J. Fred Hart acknowledged having received Tester's file that morning and moved to become substitute counsel, stating to the court that there was "no way, coming in at this date, that we could adequately

be prepared for trial" by the scheduled date, twenty days hence. Noting that supplemental discovery from the State was yet to be received, Suphan requested additional time to prepare for such a complex case if the court permitted the withdrawal and substitution of counsel. The trial court granted Tester's motion to withdraw, but denied the request for a continuance. Although the trial judge did not require a stated reason for Tester's desire to be relieved of representation, we are left with the impression that he and Butler were unable to agree on a fee. Later, a third attorney, Buddy Troxell, was permitted to join as co-counsel.

Butler's attorneys brought another motion for a continuance on May 6, 1997, a week prior to trial, arguing that they had not been given sufficient time to prepare for the case. Although the court indicated that it did not think appellant had sought a substitution of counsel for the purposes of delay, the motion was still denied. The day before trial, appellant made yet another request for a continuance, on the grounds that one of his attorneys, Mr. Troxell, was the subject of a pair of felony warrants for hot check law violations issued by the prosecutor's office. Appellant argued that under these circumstances, Troxell could not be charged with vigorous representation of his client where he was distracted by his own legal troubles and in a position to possibly seek to curry favor with the prosecutor to protect his own interests in obtaining leniency. This motion too was denied. As a second ground in support of a continuance, appellant argued to the court that he was unable to adequately prepare his defense because the State had not alleged the name of each victim connected with each count charged, and had failed to respond to the defense request for a bill of particulars. That motion was denied when the prosecutor agreed to respond before noon that day, the day before trial. However, this information was not provided by the agreed time. Following the court's continued denial of appellant's request for additional time to prepare, Butler asked to be allowed to serve as co-counsel and participate with his retained attorneys. This was permitted.

Trial was set to begin the next morning, but Troxell was the only one of the three defense attorneys to appear. Hart was apparently at a ceremony in Little Rock in honor of his parents' wedding anniversary. Suphan's whereabouts were unknown, but it was eventually determined that he was "unable to function" due to a nervous condition and he was ultimately hospitalized for the first week of the trial.

Troxell told the court that he was severely handicapped without the presence of Hart and Suphan, having come into the case in the previous two weeks with the understanding that they were primarily responsible for trial preparation. Butler personally requested a continuance to find new counsel. The court denied the request, but offered to allow Troxell to be relieved and appellant to represent himself. Butler strenuously objected to the suggestion that he proceed *pro se*. Troxell begged for at least a postponement of jury selection until one o'clock, when Hart was expected, but that was denied as well.

That afternoon, Hart joined the defense following jury selection and again moved for a continuance, because the State had not yet provided the defense with the names of each victim for each count charged. The court required the State to respond immediately, and, following the disclosure of the requested information in open court, again denied the continuance request. The jury having already been selected, examination of witnesses began approximately one half-hour later. Butler acted as his own lead counsel, questioning most of the witnesses. Appellant's brief charges that this was necessary because Butler was the only member of the defense team with even a "nodding acquaintance with the facts" of the case. When the jury returned its verdict following almost two weeks of testimony, he was convicted of seven of the fourteen counts alleged: three counts of rape and four counts of violation of a minor in the first degree. He was sentenced to sixty years in prison.

In order to prevail upon his allegations that the trial court's refusal to grant a continuance was reversible error, Butler must show that the trial court abused its discretion in denying the continuance, and that the denial of a continuance constituted prejudice to his defense. *See Goins v. State*, 318 Ark. 689, 890 S.W.2d 602 (1995). We note that a last-minute change in counsel may occasion, or require, a continuance in order to give the attorney time to prepare. A factor to be considered by the trial court in making the determination whether to grant a request to substitute counsel is whether the change in counsel will necessitate a continuance. *Greene v. State*, 335 Ark. 1, 977 S.W.2d 192 (1998). Once the trial court has determined that a change in counsel is to be permitted, the new counsel must be accorded sufficient time to prepare for trial. We have previously gone so far as to look beyond whether the appellant specifically requested a postponement of his trial, approving a trial court's treating a request for substitution of counsel as a

motion for a continuance, "since a change of attorneys so close to trial would have required the granting of one." *Id., (citing Leggins v. State*, 271 Ark. 616, 609 S.W.2d 76 (1980)).

Here, as in *Greene*, we must conclude that, once the change in counsel was permitted, it was an abuse of discretion to deny new counsel adequate time to prepare. This is especially true where appellant and his counsel were not provided full discovery of the names of the victims related to the specific counts until the day of the trial. We conclude that prejudice to Butler's defense resulted. We have previously held that when the State fails to furnish the defense with the name of a witness, this is a violation of our pretrial discovery rules. *Nelson v. State*, 274 Ark. 113, 622 S.W.2d 188 (1981). In such a situation, a continuance should be granted or other appropriate sanctions imposed; if not, a new trial is in order. *Id.* In the circumstances of this case, where the individual victims have not been connected to specific charges, we see the violation as even more egregious than that in *Nelson*, and hold that the trial court abused its discretion in failing to take appropriate action to cure the prejudice created by the State's failure to timely provide the requested information. The facts clearly establish that Butler was not provided this information until noon of the first day of the trial, and we conclude that the trial court abused its discretion in denying Butler's repeated requests for a continuance.

We therefore reverse and remand this case for a new trial on the charges for which Butler has been convicted. His other claims of error alleged in this appeal appear to flow from and be the result of the prejudice created by the trial court's granting the substitution of counsel and denial of Butler's requests for a continuance. With the appointment of competent counsel to represent Butler, who has now been deemed indigent, and with adequate time to prepare his defense, we anticipate that these claims of error should not arise at a new trial, and we decline to further address them.

Reversed and remanded.