Earlie James JONES *v.* STATE of Arkansas

CR 89-103                               780 S.W.2d 556

Supreme Court of Arkansas
Opinion delivered December 11, 1989

*James P. Massie,* for appellant.

*Steve Clark,* Att'y Gen., by: *Olan W. Reeves,* Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. The appellant was found guilty of the crime of rape and was sentenced to 35 years in the Arkansas

Department of Correction. For reversal, he argues that the trial court erred in holding that the child witness, who was also the victim, was competent to testify and that the evidence was insufficient to sustain a conviction. Neither argument is persuasive, and the judgment of the trial court is accordingly affirmed.

The appellant was 17 years old at the time of the rape, while the victim was 9 years of age. The victim clearly identified the appellant and testified that he raped her. Such testimony standing alone is sufficient to sustain a conviction if the witness is competent. *Sales* v. *State*, 291 Ark. 338, 724 S.W.2d 469 (1987).

We have held that so long as the record reveals evidence and testimony upon which the trial judge could find that the witness was aware of a moral obligation to tell the truth and had the ability to observe and remember as well as to relate the facts, we will not hold that there has been a manifest abuse of discretion. *Clifton* v. *State*, 289 Ark. 63, 709 S.W.2d 63 (1986).

In the present case, the trial court found the child competent to testify on the basis of her demeanor and the following responses given at an omnibus hearing: The victim knew the names of her teachers and the school she attended; she went to church and learned about the truth in Sunday School; she stated that she would get a spanking if she did not tell the truth and that she was always caught when she lied; although she did not know what the judge would do, she did not think he would give her a spanking; she admitted that she did not know what would happen if she told a lie in court, but she knew that she was supposed to tell the truth, and she promised to tell the truth.

Certainly, the child's answers to the questions in this case were clearer and more detailed than those in *Jackson* v. *State*, 290 Ark. 375, 720 S.W.2d 282 (1986), where we upheld the trial court's decision allowing the child witness to testify. The standard test applied in such cases was stated in *Jackson*; the guidelines for determining the competency of a witness entail the following considerations:

> [t]he ability to understand the obligation of an oath and to comprehend the obligation imposed by it; an understanding of the consequences of false swearing; and the ability to receive accurate impressions and to retain them, to the

extent that the capacity exists to transmit to the fact finder a reasonable statement of what was seen, felt or heard.

290 Ark. at 379, 720 S.W.2d at 284. Although there were many substantiating factors presented here in evidence, it is not necessary to enumerate them because the word of the victim alone is sufficient to sustain the conviction. *Sales*, supra.

Affirmed.