Albert LANGLEY *v.* STATE of Arkansas

CR 93-908                                    868 S.W.2d 81

Supreme Court of Arkansas
Opinion delivered January 10, 1994

*Joe Kelly Hardin*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was convicted on three counts of rape for having sexual intercourse with three girls, whose ages were nine, eight, and six. The judgment of conviction fixes appellant's punishment at three consecutive life sentences. We affirm.

Appellant's first point of appeal is that the trial court erred on all three counts by refusing to give one of his proffered instructions. The proffered instruction begins: "Albert Langley is charged with the offense of carnal abuse in the third degree." Since appellant was charged with rape, not carnal abuse, the trial court correctly refused to give the instruction. In addition, carnal abuse is not a lesser included offense of rape, *Bonds* v. *State*, 310 Ark. 541, 837 S.W.2d 881 (1992), and the trial court correctly charged the jury on the lesser included offense of sexual abuse.

Appellant's next two points challenge the sufficiency of the evidence for the convictions for the rape of the eight-year-old and the six-year-old. The State established that appellant had all three of the children in his home on a number of occasions. The nine-year-old testified that on various occasions appellant had intercourse with her, her eight-year-old sister, and her six-year-old sister. She testified that appellant had intercourse with all three of the girls with the use of his penis, with a vibrator, and with a dildo. The nine-year-old girl drew a picture of the vibrator and the dildo. The police searched appellant's residence and found a vibrator and a dildo beside his bed. The State introduced these items as evidence. The nine-year-old identified the exhibits as the ones used by appellant. The trial court ruled that the eight-year-old and the six-year-old children were not competent to testify. A medical doctor testified that all three girls had vaginal orifices that were abnormally large, and, in addition, that the eight-year-old had redness of the vaginal mucosa, and the six-year-old had a healing laceration on the wall of the vaginal opening. He testified that his medical findings were consistent with sexual abuse.

The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, whether direct or circumstantial. *Thomas* v. *State*, 312 Ark. 158, 847 S.W.2d 695 (1993). Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Lukach* v. *State*, 310 Ark. 119, 835 S.W.2d 852 (1992). In determining the sufficiency of evidence, we review the proof in the light most favorable to the appellee, considering only that evidence which tends to support the verdict. *Brown* v. *State*, 309 Ark. 503, 832 S.W.2d 477 (1992). The direct and circumstantial evidence is sufficient to sustain both of the convictions.

Pursuant to Rule 4-3(h) of the Rules of the Supreme Court and Court of Appeals, an examination has been made of all other rulings adverse to appellant, and there is no reversible error contained in those rulings.

Affirmed.