William George Edward WEBER *v.* STATE of Arkansas

CR 96-706                                   933 S.W.2d 370

Supreme Court of Arkansas
Opinion delivered November 11, 1996

*Richard R. Parker*, Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. William George Edward Weber was convicted of rape in violation of Ark. Code Ann. § 5-14-103(a)(3) (Repl. 1993) upon evidence that he engaged in deviate sexual activity with a person less than fourteen years of age. He was sentenced to sixty years' imprisonment as an habitual offender. The charge arose from allegations that Mr. Weber engaged in fellatio and other sexual misconduct with an eight-year-old child.

Mr. Weber contends that the evidence was insufficient to support the conviction and that his motion for a directed verdict should have been granted. He also argues that a written statement made by the victim should not have been admitted into evidence because it had not been furnished to him by the prosecution prior to trial and was admitted in violation of the hearsay rule. In addi-

tion, he argues a statement made to an investigating officer should not have been admitted into evidence. He also questions the Trial Court's refusal to instruct on first-degree sexual abuse as a lesser included offense.

We hold that it was not error to overrule the directed-verdict motion and that the admission of the child's written statement was harmless because it was cumulative of other evidence. We also hold Mr. Weber's statement to the investigating police officer was admissible because it was spontaneous, and we conclude that first-degree sexual abuse is not a lesser included offense of rape. The judgment is affirmed.

### 1. Sufficiency of the evidence

The victim testified about instances in which fellatio had occurred and about an instance in which Mr. Weber placed his finger in her anus. The mother of the victim stated Mr. Weber sometimes stayed overnight at her home and had opportunities to engage in the conduct alleged. She knew nothing of it until she came home unexpectedly on the evening of May 29, 1995, entered a bedroom, and found her daughter with her pants down and leaning over a bed. Mr. Weber came from behind a door looking nervous and said he had been examining the child for tick bites. The child said Mr. Weber had told her he intended to place his penis in her anus, and she then revealed the other conduct which led to the charge. The mother testified that Mr. Weber admitted his acts with the child to her but said the child "started it." She testified that, after Mr. Weber became aware that she had notified the police, he admitted his guilt and said something like, "I'm busted ain't I?"

In arguing that the evidence is insufficient, Mr. Weber points to inconsistencies in the child's and the mother's statements. While that argument could have affected the jury's assessment of the credibility of the witnesses, it does not provide a reason for us to hold the Trial Court erred in refusing to grant a directed verdict in favor of Mr. Weber.

Mr. Weber argues further that the evidence was insufficient because a medical report resulting from an emergency-room examination of the child did not indicate that the child had suffered any physical injuries and showed no physical abnormality.

The evidence was sufficient that Mr. Weber engaged in deviate

sexual activity with the child. "Deviate sexual activity" is defined as

> any act of sexual gratification involving: (A) The penetration, however slight, of the anus or mouth of one person by the penis of another person; or (B) The penetration, however slight, of the vagina or anus of one person by any body member or foreign instrument manipulated by another person.

Ark. Code Ann. § 5-14-101(1) (Repl. 1993).

As we have repeatedly held, "The uncorroborated testimony of a child rape victim is sufficient evidence to sustain a conviction." *Caldwell v. State*, 319 Ark. 243, 246, 891 S.W.2d 42 (1995). *See Gunter v. State*, 313 Ark. 504, 509, 857 S.W.2d 156, *cert. denied* 510 U.S. 948 (1993); *Jones v. State*, 300 Ark. 565, 566, 780 S.W.2d 556 (1989); *Winfrey v. State*, 293 Ark. 342, 351, 738 S.W.2d 391 (1987).

### 2. Statement to police

On the evening mentioned above when the child's mother discovered the child and Mr. Weber in a compromising position, the mother called the police. Officer Marc Arnold of the Harrison Police Department was sent to the residence where he encountered Mr. Weber outdoors nearby. Officer Arnold knew only that he was to investigate a child abuse case, and he had no knowledge that Mr. Weber was the accused. Officer Arnold greeted Mr. Weber, and Mr. Weber's response was "Man, I've really messed up." The officer testified he then informed Mr. Weber of his rights and stayed with him until backup officers arrived. Officer Arnold then went into the house and spoke with the mother and child while another officer stayed outside with Mr. Weber.

Mr. Weber asserts that his statement should have been suppressed because it was made in the context of a custodial interrogation and without the benefit of the warnings required by *Miranda v. Arizona*, 384 U.S. 436 (1960). Mr. Weber further argues that the State failed to show that he made a voluntary and intelligent waiver of his right to remain silent.

In considering whether Mr. Weber's statement was properly admitted, "we evaluate the totality of the circumstances and reverse only if the trial court's finding is clearly against the preponderance of the evidence." *Day v. State*, 306 Ark. 520, 525, 816

S.W.2d 852 (1991). In denying Mr. Weber's suppression motion, the Trial Court found that Mr. Weber made the incriminating statement in response to Officer Arnold's greeting or salutation and that the statement was not elicited by police questioning. Although Mr. Weber does not dispute that finding, he insists that reversal is nonetheless required because (1) he made the statement before receiving *Miranda* warnings; (2) he did not feel "free to leave" and therefore was in police custody at the time he made the statement; and (3) he may have made the statement while under the influence of drugs and alcohol.

■ Even if those assertions are true, "the important point," in the words of Justice George Rose Smith, is that Mr. Weber "was not being interrogated as a suspect, with respect to his possible guilt, when the statements were made." *Lacy v. State*, 271 Ark. 334, 335, 609 S.W.2d 13 (1980). Although Mr. Weber argues that the statements made prior to his arrest should be suppressed because he was not advised of his *Miranda* rights, the *Miranda* warning is not required unless the statements were a result of custodial interrogation. The *Miranda* warning is not required for voluntary, spontaneous statements. *Ward v. State*, 308 Ark. 415, 421, 827 S.W.2d 110 (1992). A spontaneous statement is admissible because it is "not compelled or coerced in any way significant under the Fifth Amendment's privilege against self-incrimination." *Stone v. State*, 321 Ark. 46, 53, 900 S.W.2d 515 (1995).

■ The record leaves no doubt that Officer Arnold was not interrogating Mr. Weber when he made the incriminating statement. According to the United States Supreme Court,

> the term "interrogation" under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect.

*Rhode Island v. Innis*, 446 U.S. 291, 301 (1980). It is undisputed that Officer Arnold posed no express questions to Mr. Weber that could have elicited his incriminating statement. It is also undisputed that Mr. Weber was not "subjected to the 'functional equivalent' of questioning," as discussed in the *Innis* case. Officer Arnold could not have known that his simple greeting was reasonably likely to

trigger an inculpatory response on the part of Mr. Weber. It was not error to refuse to suppress the statement.

### 3. The written statement

A counsellor who worked with the victim asked that she write about the events with Mr. Weber. The child prepared such a statement, and the prosecution offered it as evidence at the trial. It was received as an exhibit. Mr. Weber argues the written statement should not have been received into evidence because his counsel had not been furnished a copy of it prior to trial as required by his discovery motion and because it is hearsay. Ark. R. Evid. 801, 802.

■ Any error that may have occurred in the admission of the exhibit was harmless. As abstracted by Mr. Weber, the written statement contained the same information to which the child victim testified in person at the trial. The written statement was, therefore, merely cumulative of evidence that was admitted without objection.

■ When hearsay evidence is erroneously admitted, we will not reverse if it is "cumulative to other evidence admitted without objection." *Zufari* v. *Architecture Plus,* 323 Ark. 411, 420-21, 914 S.W.2d 756 (1996). *See Luedemann* v. *Wade,* 323 Ark. 161, 913 S.W.2d 773 (1996); *Griffin* v. *State,* 322 Ark. 206, 909 S.W.2d 625 (1995). *See also Williams* v. *Southwestern Bell Tel. Co.,* 319 Ark. 626, 631, 893 S.W.2d 770 (1995).

■ The same is true with respect to evidence that may not have been provided to the defendant in violation of the State's obligation under Ark. R. Crim. P. 17.1(a)(v). There was a dispute between Mr. Weber's counsel and the prosecutor over whether the statement had been in the prosecutor's file which had been open to inspection by the defense. Even if we were to assume that the State had improperly failed to provide the statement to the defense, we would affirm in this instance.

> When evidence is not disclosed pursuant to pretrial discovery procedures, the burden is on the appellant to establish that the omission was sufficient to undermine confidence in the outcome of the trial.... The key in determining if a reversible discovery violation exists is whether the appellant was prejudiced by the prosecutor's failure to disclose; absent a showing of prejudice, we will not reverse.

*Burton* v. *State*, 314 Ark. 317, 319, 862 S.W.2d 252 (1993).

In view of the fact that the abstract of the record reveals that the written statement was not different in any significant detail from the oral testimony of the victim, which was received without objection, we cannot say that Mr. Weber was prejudiced by its admission into evidence.

### 4. Lesser included offense

Mr. Weber argues the Trial Court erred in refusing to instruct the jury on the offense of first-degree sexual abuse, Ark. Code Ann. § 5-14-108(a)(3)(Repl. 1993), as a lesser included offense of rape.

A defendant is entitled to an instruction on a lesser included offense if two conditions are satisfied. First, the proffered instruction must truly cover a lesser included offense. "An offense is so included if: (1) It is established by proof of the same or less than all the elements required to establish the commission of the offense charged; ...." Ark. Code Ann. § 5-1-110(b)(Repl. 1993). As we said in *Cozzaglio* v. *State*, 289 Ark. 33, 38, 709 S.W.2d 70 (1986), an offense is not a lesser included offense of another if "[e]ach crime requires a different element of proof."

The second condition is that there must be "a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." § 5-1-110(c). We need not consider the rational basis requirement because we have concluded that first-degree sexual abuse, as it might have been proven in this case, and as Mr. Weber asked that it be described to the jury by his proffered instruction, contains an element not included in rape, and thus it is not a lesser offense included in the offense charged.

In considering Mr. Weber's contention, it is necessary to compare the elements of the offense charged with those of first-degree sexual abuse. As stated above, Mr. Weber was charged with rape based on the provision that, "A person commits rape if he engages in ... deviate sexual activity with another person: ... (3) Who is less than fourteen (14) years of age." § 5-14-103(a)(3).

The elements of first-degree sexual abuse that might have applied in this case are described as follows: "A person commits sexual abuse in the first degree if: ... (3) Being eighteen (18) years old or older, he engages in sexual contact with a person not his spouse who is less than fourteen (14) years old." Ark. Code Ann.

§ 5-14-108(a)(3) (Repl. 1993). "Sexual contact" is defined as "any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, or buttocks, or anus of a person or the breast of a female." § 5-14-101(8).

We have no case in which the Court has held that first-degree sexual abuse is, or is not, a lesser offense included in rape. We have, however, held that rape does not include certain degrees of carnal abuse because, unlike the rape provision, the carnal abuse statutes permit conviction only if the defendant is a certain age. *See* Ark. Code Ann. §§ 5-14-104(a)(Repl. 1993)(stating accused must be "under the age of eighteen (18) years" to commit first-degree carnal abuse); 5-14-106(a)(stating accused must be "twenty (20) years old or older" to commit third-degree carnal abuse). Because the carnal abuse statutes contain an element not included in the rape statute (*i.e.,* the accused's age requirement), we have concluded that certain degrees of carnal abuse are not included in the offense of rape. *Bonds* v. *State,* 310 Ark. 541, 543-44, 837 S.W.2d 881 (1992); *Leshe* v. *State,* 304 Ark. 442, 448, 803 S.W.2d 522 (1991); *Kester* v. *State,* 303 Ark. 303, 308, 797 S.W.2d 704 (1990); *Sullivan* v. *State,* 289 Ark. 323, 328-30, 711 S.W.2d 469 (1986).

██ By clear analogy to the carnal abuse cases, we hold that first-degree sexual abuse, as it might have been proven by the evidence in this case, is not a lesser included offense of rape because it contains an element (age of the perpetrator) not found in the rape statute. Therefore, Mr. Weber was not entitled to an instruction on first-degree sexual abuse under Ark. Code Ann. § 5-1-110(b) (Repl. 1993).

Before leaving this subject, we must point out that in *obiter dicta* we and the Court of Appeals have said from time to time that first-degree sexual abuse is a lesser included offense of rape. We said it in *Bonds* v. *State, supra,* and in at least four other cases. *See Langley* v. *State,* 315 Ark. 472, 473, 868 S.W.2d 81 (1994)(stating, where defendant was charged with rape, that "the trial court correctly charged the jury on the lesser included offense of sexual abuse"); *Curtis* v. *State,* 279 Ark. 64, 65, 648 S.W.2d 487 (1983)("The jury also found the appellant not guilty of rape but guilty of the lesser included offense of sexual abuse in the first degree...."); *Beed* v. *State,* 271 Ark. 526, 547, 609 S.W.2d 898 (1980)(where defendant was charged with rape and Trial Court failed to instruct on first-degree sexual abuse, Supreme Court affirmed because there was no

rational basis for the instruction; the Court did not dispute the contention that sexual abuse was included in rape); *Speer* v. *State*, 18 Ark. App. 1, 8, 708 S.W.2d 94 (1986)(stating first-degree sexual abuse is a lesser included offense of *attempted* rape but that "sexual abuse in the first degree is proven by a finding of the same or less than all of the elements of rape").

■ We note that first-degree sexual abuse may be proven by facts other than those evident in this case, and we decline to say that it may not be a lesser included offense in rape in any case. Our holding in this instance is solely that first-degree sexual abuse as defined in § 5-14-108(a)(3), the subsection upon which Mr. Weber wanted the Trial Court to instruct the jury, is not a lesser offense included in rape as charged here pursuant to § 5-14-103(a)(3).

Affirmed.