2013 Ark. App. 110

**Jamie Colter MARTIN, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 12–643.**

Court of Appeals of Arkansas.

Feb. 20, 2013.

DWSA Law Group, by: Nick Churchill, for appellant.

Dustin McDaniel, Att'y Gen., by: Eileen W. Harrison, Ass't Att'y Gen., for appellee.

ROBIN F. WYNNE, Judge.

Jamie Colter Martin appeals from his conviction on a charge of rape by a Garland County jury. On appeal, he argues that the trial court erred by (1) denying his motion to suppress evidence seized from his residence, (2) allowing into evidence a videotape of an interview of the victim, (3) allowing certain photographs into evidence, (4) denying his motion for a mistrial, and (5) denying his motions for a directed verdict. We affirm.

Appellant was charged with raping his stepdaughter, M.B., who was eight years old at the time of the alleged offense. Prior to trial, he filed a motion to suppress in which he argued that evidence seized from his home should be suppressed because the search warrant lacked any reference to the time frame during which the alleged rape may have occurred. After a hearing on the motion, the trial court entered an order in which it found that it could infer a time frame from the four corners of the affidavit submitted in sup-

port of the request for the search warrant and denied the motion.

At trial, Tab Tucker, the school counselor at Cutter Morning Star Elementary School, testified that on May 20, 2010, M.B., who was a first-grader at the school, came to him and told him that she "had a concern about her daddy and S–E–X." Mr. Tucker reported the information that M.B. disclosed to him. Appellant and M.B.'s mother, Felecia Martin, were called to the school, and Mr. Tucker testified that appellant did not have an emotional reaction to the disclosure made by M.B.

M.B., who was ten years old at the time of trial, testified that appellant dropped her off at school on the morning of May 20, 2010, and told her to put on a skirt with no panties under it when she got home from school and to wait upstairs. Using anatomical dolls, M.B. testified that appellant put his penis in her mouth. She further testified that he raped her anally and vaginally. According to M.B., appellant would show her pictures of naked girls and boys and would make her watch movies depicting people engaged in sex acts. M.B. was cross-examined by appellant's counsel. M.B. stated that she had seen appellant drinking and that he would have alcohol lying about the house.

Corporal Angela Graybeal with the Garland County Sheriff's Department testified that M.B. disclosed that appellant and Felecia Martin kept adult movies and sex toys in their upstairs bedroom. During Cpl. Graybeal's testimony, the State introduced several photographs showing the exterior of the home, the condition of the living room and upstairs bedroom at the time the search warrant was executed, pornographic DVDs and VHS recordings seized from the bedroom, sex toys seized from the bedroom, as well as a pornographic drawing and pornographic magazines seized from the bedroom. Appellant objected to the admission of certain photos, arguing that they were cumulative. The trial court overruled his objections.

Marcie Herman, a nurse examiner with the Cooper Anthony Mercy Child Advocacy Center, testified that she examined M.B. on May 21, 2010. According to Ms. Herman, M.B. complained of rectal pain with defecation, which Herman stated would be unusual in an eight year old unless the child had a history of constipation. M.B. had no such history. Ms. Herman stated that, while there were no acute injuries seen during the examination, the vaginal exam was highly suspicious for past penetrating trauma. She further stated that, in her opinion, the injuries she saw were not consistent with an accidental injury but were consistent with a penis penetrating M.B.'s vagina. M.B.'s rectal exam was consistent with her having had an object placed in her rectum.

Aaron Triplett, a forensic interviewer and child advocate with the Cooper Anthony Mercy Child Advocacy Center, testified that he interviewed M.B. on May 20, 2010. During Mr. Triplett's testimony, the State moved to introduce a video copy of his interview with M.B. Appellant objected, arguing that the interview was hearsay and that he could not "cross-examine an interview." The trial court overruled appellant's objections, ruling that the admission of the video would not violate the Confrontation Clause and that the contents of the video were not hearsay because the State was introducing the video to show the jury how M.B. looked, acted, and spoke at the time of the interview. The video was played for the jury. Appellant's counsel cross-examined Mr. Triplett; M.B. was not recalled for further cross-examination.

At the close of the State's case, appellant moved for a directed verdict, arguing that the State had not made a prima facie

case of rape. The trial court denied the motion. Appellant testified and denied the allegations against him. He also testified that he could not say whether M.B. may have encountered a fall or injury during the period of time, prior to her disclosure, that she was living with her grandparents. At the close of all of the evidence, appellant renewed his motion for directed verdict, which was denied. During the State's rebuttal closing argument, appellant objected to a statement made by the prosecutor and moved for a mistrial. The trial court overruled his objection and allowed the statement. Appellant never requested an admonition to the jury.

The jury found appellant guilty on the charge of rape. The trial court sentenced him to thirty-five years' imprisonment. This appeal followed.

■ Although it is appellant's final point on appeal, this court must address sufficiency-of-the-evidence arguments first due to double-jeopardy concerns. *Sipe v. State*, 2012 Ark. App. 261, 404 S.W.3d 164. The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Id.* When a defendant challenges the sufficiency of the evidence that led to a conviction, the evidence is viewed in the light most favorable to the State. *Id.* This court does not weigh the evidence presented at trial, as that is a matter for the factfinder; nor do we assess the credibility of the witnesses. *Id.*

■ Appellant's argument regarding the sufficiency of the evidence lacks merit. M.B. testified that appellant raped her anally and vaginally and that he forced her to perform oral sex. The uncorroborated testimony of a rape victim, including a child, standing alone can constitute sufficient evidence to support a conviction, and any evaluation as to the credibility of the witness is a matter for the finder of fact. *Mashburn v. State*, 2012 Ark. App. 621, 2012 WL 5440015. Thus, M.B.'s testimony alone is substantial evidence of rape. The trial court did not err by denying motions for a directed verdict.

■ Appellant argues that the trial court erred by denying his motion to suppress because the affidavit in support of the request for a search warrant does not contain a sufficient time element. The trial court found that it could determine the time frame from the four corners of the document. We review a trial court's denial of a motion to suppress evidence *de novo* based on the totality of the circumstances, recognizing that the trial court has a superior opportunity to determine the credibility of witnesses and reversing findings of historical fact only if they are clearly erroneous. *Briggs v. State*, 2012 Ark. App. 692, 2012 WL 6197090.

■ The affidavit states that M.B. disclosed to a teacher and principal on May 20, 2010, that appellant wanted her to "put on her skirt without any panties and come to the room where he touches her and will put things up her butt." The affidavit relates that appellant would show M.B. pictures of naked people and would watch movies with her while abusing her. The affidavit further describes the items subject to the search and states that the property was now being concealed at appellant's address. In *George v. State*, 358 Ark. 269, 189 S.W.3d 28 (2004), the affidavit at issue contained only the date that a report was received that a fourteen-year-old[6] saw nude photos of other underage girls in the appellant's home. The supreme court held that, based on the affidavit, the magistrate was able to make a

practical, common-sense decision that there was a fair probability that the appellant possessed the materials listed in the warrant. Likewise, in this case, the affidavit contains the date the report was received, indicates that appellant was engaged in an ongoing course of criminal sexual conduct, which was to continue that afternoon, and states that the items sought were in appellant's residence. We hold that the trial court did not err in making the practical, common-sense determination that the items listed in the search warrant were in appellant's residence. The trial court did not err by denying appellant's motion to suppress.

■■■ Appellant next argues that the trial court erred in admitting the videotaped interview of M.B. conducted on May 20, 2010, because the video constitutes inadmissible hearsay. The trial court ruled that the video was admissible because the State was introducing it to show the differences between M.B.'s appearance and speech at the time of the interview and her testimony at trial. We hold that, under these circumstances, the admission of the video by the trial court was an error. However, this does not end our analysis on this point. It is well settled that evidentiary rulings are subject to harmless-error analysis, and we are bound to affirm if the error is harmless beyond a reasonable doubt. *Williams v. State*, 2012 Ark. App. 310, 2012 WL 1522309. M.B. testified at trial and was cross-examined by appellant. She was subject to being recalled for cross-examination after the video was played, although appellant chose not to do so. The availability of a declarant for cross-examination renders harmless any error caused by the admission of hearsay. *Dixon v. State*, 2011 Ark. 450, 385 S.W.3d 164 (citing *Gatlin v. ₇State*, 320 Ark. 120, 895 S.W.2d 526 (1995)). Thus, the error committed by the trial court in admitting

the video was harmless. In addition, our review of the video shows that the statements made by M.B. during the interview were largely cumulative of her testimony at trial. Even if hearsay evidence is erroneously admitted at trial, reversal is not required if the hearsay evidence is cumulative to other evidence admitted without objection. *Weber v. State*, 326 Ark. 564, 933 S.W.2d 370 (1996).

■■■ Appellant's next argument is that the trial court erred in admitting cumulative and inflammatory photographs of pornographic materials. The admission of photographs is a matter left to the sound discretion of the trial court, and we will not reverse absent an abuse of discretion. *Plessy v. State*, 2012 Ark. App. 74, 388 S.W.3d 509. When photographs are helpful to explain testimony, they ordinarily are admissible. *Id.* The mere fact that a photograph is inflammatory or gruesome is not, standing alone, sufficient reason to exclude it. *Id.* Our review of the photographic exhibits admitted at trial revealed that the photographs objected to by appellant included the ones that showed people engaged in the very sex acts M.B. testified appellant forced her to perform and photographs of magazines containing the type of pictures M.B. testified that appellant made her view. The photos were admissible because they corroborated M.B.'s testimony. *See Simmons v. State*, 95 Ark.App. 114, 234 S.W.3d 321 (2006). We hold that the trial court did not abuse its discretion by allowing the disputed photographs into evidence.

Appellant's remaining point on appeal is that the trial court erred by denying his motion for a mistrial. During the State's rebuttal closing argument, the prosecutor made the ₈following statement: "But, you know, [appellant's counsel] talks on and on about what other possibilities. He could've talked to the Sheriff's Depart-

ment. He could've talked to the police." Appellant immediately objected and asked for a mistrial, arguing that the statement was an improper comment on appellant's Fifth Amendment right not to incriminate himself. The trial court stated that it was overruling the objection and would allow the statement. No admonition to the jury was requested and none was given.

A mistrial is a drastic remedy to be employed only when an error is so prejudicial that justice cannot be served by continuing the trial and when it cannot be cured by an instruction to the jury. *Nickelson v. State*, 2012 Ark. App. 363, 417 S.W.3d 214. A trial court is granted wide discretion in controlling trial counsel during closing arguments, and its ruling on an objection during closing argument, as well as its decision on whether to grant a mistrial, will not be reversed absent an abuse of discretion. *Id.*

Appellant asserts that the remark by the prosecutor was an improper comment on his post-arrest, post-*Miranda* silence in violation of *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). Appellant's argument has two major flaws. First, it is not clear that the prosecutor's comment violates *Doyle*. In his closing argument, appellant's counsel alleged that no one had looked into the possibility that something happened to M.B. while she was living with her grandparents. It is plausible that the prosecutor's statement was aimed at questioning why, if appellant had suspicions that something happened to M.B. while she was at her grandparents' home, he never voiced those suspicions. There is no indication from the statement itself that the prosecutor was referring to post-arrest, post-*Miranda* silence by appellant. Second, our supreme court has held that a limiting instruction will suffice to cure a *Doyle* violation where, as here, the possible prej-

udice could have been cured by an admonition to the jury. *McFarland v. State*, 337 Ark. 386, 989 S.W.2d 899 (1999). Appellant never requested an admonition, so none was given. When there is doubt as to whether the trial court abused its discretion, a failure to request an admonition will negate a mistrial motion. *Weaver v. State*, 324 Ark. 290, 920 S.W.2d 491 (1996). We hold that the trial court did not abuse its discretion by denying appellant's motion for a mistrial.

Affirmed.

GLADWIN, C.J., and HIXSON, J., agree.