SLIP OPINION

Cite as 2014 Ark. App. 682

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–14–627

| | | |
|---|---|---|
| JENNIFER BATCHELOR | | Opinion Delivered December 3, 2014 |
| | APPELLANT | |
| | | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CR 2012-0957-1] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE ROBIN F. GREEN, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**RITA W. GRUBER, Judge**

Appellant Jennifer Batchelor appeals from convictions for driving while intoxicated, first offense, and failure to yield to an emergency vehicle. Appellant's sole point on appeal is that the trial court erred in denying her motion to suppress. We affirm appellant's conviction.

On September 9, 2011, appellant was stopped on Interstate 540 in Benton County by Lieutenant Andy Lee. At the time of the traffic stop, Lieutenant Lee was employed by the Bentonville Police Department.[1] He testified that he had been commissioned by the Benton County Sheriff's Office as a deputy sheriff and, on the night he stopped appellant, he was working drug interdiction for the county on the interstate. At the time he encountered appellant, he was parked on the shoulder of the interstate with the emergency lights activated while he was concluding a traffic stop. Appellant passed Lieutenant Lee's car in the lane closest to the shoulder. Lieutenant Lee testified that there was no traffic preventing her from moving

---

[1]Interstate 540 has been redesignated Interstate 49.

to the lane farthest away from his car, as required by law, so he pulled her over. He testified that after he initiated the traffic stop, he smelled the odor of alcohol; asked appellant if she had been drinking—to which she replied that she had; performed a field-sobriety test—which appellant failed; and notified the Benton County DWI unit to come and complete the investigation.

Appellant moved to suppress the evidence of her intoxication discovered at the traffic stop because Lieutenant Lee, employed by the City of Bentonville, did not have a letter from the Arkansas State Police allowing him to patrol the interstate. The circuit court denied her motion to suppress and found appellant guilty of driving while intoxicated, first offense, and failure to yield to an emergency vehicle. On appeal, appellant challenges only the court's denial of her motion to suppress.

When reviewing the denial of a motion to suppress evidence, the appellate courts conduct a de novo review based on the totality of the circumstances, recognizing that the trial court has a superior opportunity to determine the credibility of witnesses and reversing findings of historical fact only if they are clearly erroneous. *Martin v. State*, 2013 Ark. App. 110, at 5, 426 S.W.3d 515, 518.

Arkansas law prohibits municipal police officers from patrolling "controlled-access facilities"—which the parties do not dispute includes Interstate 540—unless authorized by the director of the Arkansas State Police. Ark. Code Ann. § 12-8-106(h) (Supp. 2013). This law does not apply to county sheriffs. And a deputy sheriff possesses all of the powers of, and may perform any of the duties required by law to be performed by, the sheriff. Ark. Code Ann.

§ 14-15-503 (Repl. 2013).

Appellant argues that Lieutenant Lee was a city police officer and, thus, had no authority to conduct the traffic stop and the evidence should be suppressed. We held in *McKim v. State*, 2009 Ark. App. 834, that a trial court erred in denying a defendant's motion to suppress where a city police officer who conducted a traffic stop on the interstate did not have a letter from the Arkansas State Police authorizing the stop.[2] There is no dispute in this case that Lieutenant Lee did not have a letter from the director of the Arkansas State Police authorizing his activities. The only issue in this case is whether the circuit court's finding of fact that Lee was acting on behalf of the county when he conducted the traffic stop is clearly erroneous.

Lieutenant Lee testified that on the night of the traffic stop, he was working interdiction on Interstate 540 to locate drugs in vehicles as a deputy sheriff commissioned by the Benton County Sheriff's Department. The State then introduced a Benton County Sheriff's Department identification card showing that Andy Lee was commissioned from January 1, 2011, through December 31, 2012, as a deputy sheriff. He testified that, after discovering that appellant appeared to be intoxicated, he notified Lieutenant Randy Allsup of the Benton County Sheriff's Department. Lieutenant Allsup came to the scene to continue the investigation because, according to Lieutenant Lee, Lieutenant Allsup was specifically working DWI investigations and Lieutenant Lee was working interdiction.

---

[2]Unlike here, the officer in *McKim* did have a letter from the director of the Arkansas State Police authorizing general patrol, but the letter specifically prohibited "selective traffic enforcement or interdiction." 2009 Ark. App. 834, at 2.

After conducting a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error, and deferring to the superior position of the circuit court to determine the credibility of witnesses and to resolve evidentiary conflicts, we hold that the court did not clearly err and affirm its decision. *Collins v. State*, 2014 Ark. App. 574, at 4, ___ S.W.3d ___, ___.

Affirmed.

WYNNE and BROWN, JJ., agree.

*Norwood & Norwood, P.A.*, by: *Doug Norwood* and *Alison Lee*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.