Cite as 2020 Ark. App. 291

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–19–730

| | |
|---|---|
| CHRISTIAN KEVITH POWELL<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** May 6, 2020<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION<br>[NO. 60CR-18-4408]<br><br>HONORABLE HERBERT T. WRIGHT, JR., JUDGE<br><br>AFFIRMED |

## MIKE MURPHY, Judge

Appellant Christian Powell was found guilty by a Pulaski County jury of rape and sentenced to fifteen years in the Arkansas Department of Correction. On appeal, he argues that the circuit court erred in denying his motion for a mistrial after certain hearsay evidence was inadvertently provided to at least one jury member. We affirm.

The facts surrounding the motion for a mistrial are as follows. During the direct examination of the State's first witness, Officer Marcus Perez, the State played a recording of a 911 telephone call that the victim had made shortly after the alleged rape. Each juror was given a transcript of the call to read while listening to the recording. When the transcripts were being handed back, it was noticed that a copy of the incident report prepared by a police officer concurrent with the rape report by the victim was inadvertently included with one of the transcripts. Defense counsel moved for a mistrial based on the

jury's exposure to the incident report, which was unquestionably hearsay. The following discussion took place.

DEFENSE COUNSEL:      May we approach?

THE COURT:            Yes.

(A bench conference was held outside the hearing of the jury as follows):

STATE:                I grabbed this out because it's a —

DEFENSE COUNSEL:      The ADR, I'm assuming, is in there.

STATE:                Hold on. It would just be report information on him and essentially what the officer has testified to.

DEFENSE COUNSEL:      There is a lot of information in there that's hearsay, that may or may not come in at trial. I think the Court needs to at least read it and see what it says before I make my – I know we just started but if we –

THE COURT:            I will read it.

. . . .

THE COURT:            Counsel approach. I didn't see anything that I haven't heard testimony over, at least mentioned in the 911 tape. If you can point me to something that you are concerned about, I will --

DEFENSE COUNSEL:      At this time I would like to request a mistrial. This is the incident report involving the responding officer. It goes through the 911 tape and specifically goes to the -- that he talks to the two witnesses who were there, who I assume you are going to hear from later. It lays out the entire case, and not only includes that page but another one from UAMS to get a rape kit done. So I have read it. The language can be extraordinarily -- you know, it doesn't say -- it says a rape occurred and what happened, and who he talked to and everything else.

THE COURT:            Response?

2

STATE: All the information that is contained in the report either has already come out in the 911 call or it will be testified to by people that are here today, that have been called as witnesses and are present to testify. Now, at this point in time the State wasn't sure if we were going to call April Davis or not. We were going to make that decision, but we do plan to call Anthony Davis, that would testify to the most information gotten from the neighbors in this incident report. So although, yes, it would be a mistake for someone to see this, it would be harmless error at most considering all of the information contained inside the document is going to be elicited during testimony throughout the trial today, it is intended.

THE COURT: I will take your motion under advisement. I will have the incident report marked as Court's Exhibit 1, and I will make a decision as we go along.

Later, outside the hearing of the jury, the court denied defense counsel's request for a mistrial. The ruling from the bench was as follows:

THE COURT: [Defense counsel], I have re-reviewed Court's Exhibit 1, which was the incident report that was inadvertently given to the jury by the State. It appears only one copy of it went. I don't know which juror actually had it. After reviewing it, I am not seeing anything that hasn't been testified to at this point. I have also weighed in the amount of time that they had to review it during the 911 recording and I don't think that there's anything that they haven't already heard, so your motion for a mistrial is denied.

DEFENSE COUNSEL: Just note my objection for the record. And I will renew it in a timely basis.

THE COURT: Do you want me to admonish, ask the jurors who received this, and admonish one of them?

DEFENSE COUNSEL: No.

At trial, the jury heard testimony from the responding officer, the victim, the victim's neighbor, and the emergency physician who performed the rape evaluation. Powell testified that he and the victim had consensual sex. After deliberation, the jury returned with a guilty

3

verdict, and Powell appeals. On appeal, he argues that the circuit court erred when it denied his motion for a mistrial.

It is well settled that a mistrial is an extreme remedy that should be granted only when the error is beyond repair and cannot be corrected by curative relief. *Terrell v. State*, 2019 Ark. App. 433, at 15, 587 S.W.3d 594, 604. A circuit court has wide discretion in granting or denying a motion for a mistrial, and the appellate court will not disturb the court's decision absent an abuse of discretion or manifest prejudice to the movant. *Id.*

On appeal, Powell argues that the police report was inadmissible hearsay that bolstered the testimony of the State's witnesses. Hearsay is an out-of-court statement, offered in court, to prove the truth of the matter asserted in the out-of-court statement. *Perez v. State*, 2016 Ark. App. 54, at 5. He argues that the evidence was prejudicial to him because the State's case depended primarily on the credibility of the victim. Powell, however, did not make this argument to the court below as part of his motion for a mistrial. It is well settled that Arkansas appellate courts do not address new arguments raised for the first time on appeal. *Boydston v. Kelley*, 2019 Ark. 316, at 2.

It is true that prior consistent statements improperly admitted to bolster a witness's testimony can constitute prejudicial error. *See, e.g., Perez, supra.* In reviewing the denial of a mistrial motion, we look at all the circumstances that surround the incident to determine whether a manifest abuse of discretion occurred. *Boyd v. State*, 318 Ark. 799, 806, 889 S.W.2d 20, 23 (1994). Here, even assuming that a juror saw the report attached to the 9-1-1 call transcript, it was not error for the circuit court to deny the motion for mistrial. Powell declined the circuit court's offer to inquire of the jurors about the report. He also declined an admonition.

4

A mistrial is a drastic remedy that is appropriate only if justice cannot be served by continuation of the trial and when it is obvious that the prejudice could not be removed by any other means. *Gardner v. State*, 296 Ark. 41, 64, 754 S.W.2d 518, 529 (1988). Regarding the report, several pages contain general fill-in-the-blank information on the victim, the perpetrator, and the offense. The report indicates that the victim submitted to a rape-kit exam, pictures were taken at the scene, and the victim's clothes were gathered from the hospital. It contained a narrative that the responding officer made contact with the victim and that the suspect was an unknown black male who had fled before the officer arrived. A second narrative included information from the victim and the neighbors as well as information about the victim's trip to the emergency room where a rape kit was collected. The circuit court noted, and the appellant does not disagree, that the information in the report did not contain anything of substance that the jury did not hear through properly admitted testimony and evidence. When hearsay evidence is improperly admitted, but the same evidence is properly admitted through another source, there is no reversible error. *Caldwell v. State*, 319 Ark. 243, 250, 891 S.W.2d 42, 47 (1995). Considering all the circumstances surrounding the incident, the circuit court did not abuse its discretion in denying Powell's motion for a mistrial.

Affirmed.

ABRAMSON and KLAPPENBACH, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Senior Ass't Att'y Gen., for appellee.